## FLORIDA CENTRAL AND PENINSULAR RAILROAD COMPANY *v.* PITTS.

1. A charge instructing the jury that given conduct under given circumstances would not constitute negligence was erroneous, when, in view of the evidence, it was an open question whether or not this conduct did constitute negligence.
2. It was not erroneous, in the trial of an action for personal injuries and pain and suffering resulting therefrom, for the judge in charging the jury to omit calling their attention " to the effect of advancing years upon the capacity of plaintiff to labor," when the declaration did not allege that the injuries complained of were permanent, and the action was apparently brought to recover only the damages sustained before the filing of the petition.
3. The portions of the charge complained of in those grounds of the motion for a new trial not dealt with in the first of the preceding notes were not open to the objection that they were unwarranted by the evidence.
4. In view of the evidence appearing in the record, the error above pointed out is cause for a new trial.

Argued February 4, — Decided February 28, 1901.

Action for damages. Before Judge Seabrook. Effingham superior court. January 27, 1900.

*Denmark, Adams & Freeman,* for plaintiff in error.
*D. H. Clark,* by *P. W. Meldrim,* contra.

LEWIS, J. J. M. Pitts brought suit against the Florida Central and Peninsular Railroad Company, for damages on account of personal injuries alleged to have been sustained through the negligence of the defendant, in providing unsafe and defective machinery for the plaintiff, who was its fireman, and in allowing its road-bed to become worn, defective, and dangerous. The defendant filed an answer, denying the material allegations of the petition, and pleading that the plaintiff, in consideration of one dollar, had released it from all obligation on account of the injury for which suit was brought. It appears that the plaintiff and his engineer were engaged, at the time of the injury, in taking an excursion-train of the defendant from Fairfax to Savannah, and, in the effort to get to Savannah before the train of a rival railroad, exerted themselves to run their train at the highest possible rate of speed. The plaintiff knew that certain portions of the track were in a very bad condition, having seen men at work repairing the defects the day before the accident. While running at this very high rate of speed, a part of the machinery of the engine known as the parallel bar suddenly

broke in two, and one of the fragments was hurled through the window of the engine, injuring the plaintiff as described in his petition. The plaintiff testified that he could not tell that the parallel bar was defective until after it was broken; and there was evidence tending to show that careful inspection before the train went out failed to disclose any defect in that part of the machinery of the engine. There was nothing to connect the alleged defects in the track with the plaintiff's injuries, except by inference, while some of the testimony was to the effect that the breaking of the parallel bar took place at a considerable distance from the place where the repairs had been made, and on a portion of the track which was perfectly safe and which had never been defective. The jury found for the plaintiff a verdict for $2,000. The defendant excepts to the overruling by the court below of its motion for a new trial.

1. Exception is taken to the following language of the court, used in that portion of the charge dealing with the question as to whether or not the plaintiff was guilty of negligence in assisting the engineer to run the train at a high rate of speed over a portion of the track which he knew to have recently been in a defective condition: "If he was so justified, the fact that he did pass over it in the manner and under the circumstances detailed in the evidence would not of itself constitute negligence on his part, upon this branch of the case. This, of course, applies only in the event that you find from the evidence that the defect in the road-bed existed as a matter of fact, and that it caused the breaking of the parallel bar." We think that under the circumstances this charge was error. It appeared that the plaintiff was thoroughly acquainted with the condition of the track at and near the point where he claimed to have been injured, having passed over the same place only the day before the accident, and many times previously. He also testified to personal knowledge of the bad condition of the road. There was enough in the plaintiff's own testimony for the jury to infer that if there was any negligence in the rapid running of the train, he participated in it and voluntarily aided in increasing the speed. The fact that he saw repairs going on would not require a finding that he had a right to believe that the track was in a safe condition, or that he was not negligent in assisting the engineer to run so rapidly over a newly repaired road-bed. Besides, it does not appear from the weight of the testimony

that the breaking of the parallel bar occurred at the point where the track had been defective. The plaintiff himself in his testimony does not definitely locate the place where the accident is alleged to have taken place. Questions of negligence are peculiarly for the jury. The charge here dealt with settled in the plaintiff's favor the question that he was not negligent, when under the evidence the jury would have been well warranted in finding that he was; and for that reason the charge quoted was erroneous.

2. The motion for a new trial also complains that the court erred in charging the jury concerning the extent of the plaintiff's injuries, and in not calling their attention to the effect of advancing years upon the capacity of the plaintiff to labor. A reading of the petition plainly shows that the plaintiff was not seeking to recover for injuries that were lifelong and permanent. Its scheme manifestly was to recover for damages resulting from loss of time and diminished capacity to labor, and for pain and suffering which had accrued up to the filing of the petition. This being so, the judge would not have been warranted in charging as to future diminished capacity to labor or failing power to work, resulting from advancing age. The mortality tables were not introduced in evidence, nor was any attempt made to prove permanent or lasting injuries. We think, therefore, that no error was made to appear in the complaint made in this ground of the motion.

3. The motion for a new trial sets forth extended extracts from the charge of the court, and complains that they were unwarranted by the evidence. Apparently these portions of the charge were abstractly correct, and an examination of the brief of evidence shows that there was testimony upon which to base them.

4. We order a new trial in this case, because one of the most vital questions in it, to wit, whether or not the plaintiff was himself guilty of negligence, was improperly treated by the court in the charge to the jury. There was ample evidence, even in the plaintiff's own testimony, to show that he was negligent in unnecessarily taking dangerous and hazardous risks. He knew the condition of the track, having traveled over it a number of times just prior to the accident, and he voluntarily aided in bringing about the high rate of speed which he claims caused his injuries. The charge dealt with in the first division of this opinion practically instructed the jury that in all these respects the plaintiff was not neg-

ligent, and thus, if it did not constrain a finding in his favor, went far in that direction. In view of the whole testimony in the case, this was such error as to demand a new trial.

*Judgment reversed. All the Justices concurring, except Simmons, C. J., and Cobb, J., absent.*